JAMES L. MURPHY, Appellant, *v.* JO ELLEN
MURPHY, Respondent.

No. 5575

December 11, 1968                    447 P.2d 664

*Streeter, Sala & McAuliffe,* of Reno, for Appellant.

*Bible, McDonald, Carano & Wilson,* of Reno, for Respondent.

## OPINION

By the Court, Zenoff, J.:

Appellant father and respondent mother were divorced in July 1963. Temporary physical custody of the two children, a boy and a girl, was given to the mother with technical legal custody in the Washoe County Welfare Department. In June 1964 the temporary physical custody of the children was given to the father. Over three years later, in November 1967, the mother moved for return of custody to her. In February 1968, after a hearing, the custody was again given to the mother. At that time the boy was 12 years old and the girl was 10 years old.

The trial court conferred with the children in chambers. It commented in open court that the children had no parental preference and loved both parents. Yet it found in its findings

of fact that the children preferred their mother. This conflict cannot be resolved by this court because the interview in chambers was not preserved for appellate review. The court also found that both parties were fit to have custody.

A change of custody is warranted only when: (1) the circumstances of the parents have been materially altered; and (2) the child's welfare would be substantially enhanced by the change. Ferguson v. Krepper, 83 Nev. 408, 432 P.2d 668 (1967); Lyerla v. Ramsay, 82 Nev. 250, 415 P.2d 623 (1966); Sisson v. Sisson, 77 Nev. 478, 367 P.2d 98 (1961); Osmun v. Osmun, 73 Nev. 112, 310 P.2d 407 (1957); Nixon v. Nixon, 209 So.2d 878 (Fla.Ct.App. 1968); Hirsh v. Dobb, 160 S.E.2d 386 (Ga. 1968); Eggemeyer v. Eggemeyer, 229 N.E.2d 144 (Ill.App. 1967); Maikos v. Maikos, 147 N.W.2d 879 (Iowa 1967); Metz v. Morley, 289 N.Y.S.2d 364 (N.Y. Sup. Ct. 1968); Gibbons v. Gibbons, 442 P.2d 482 (Okla. 1968); Holstein v. Holstein, 160 S.E.2d 177 (W.Va. 1968).

The record does not show a sufficient change of circumstances. There is nothing in the record which supports its decree. The only change shown was the improved mental health of the mother. There is no evidence to suggest that the children's welfare would be promoted by a custody change.

The unqualified contention that there need be no change of circumstances shown when a temporary custody award is sought to be modified is unsound. The temporary award changed by the trial court was made almost four years ago. The reasons for requiring a change of circumstances before allowing modification of a permanent custody decree are present here. Martin v. Hendon, 160 S.E.2d 893 (Ga. 1968).

Reversed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.