JOHN THOMAS TRUAX, APPELLANT, v. RITA TRUAX,
NOW KNOWN AS RITA BRILEY, RESPONDENT.

No. 24176

May 19, 1994                    874 P.2d 10

*Carol Menninger,* Las Vegas, for Appellant.

*Dickerson, Dickerson, Lieberman & Consul,* Las Vegas, for
Respondent.

## OPINION

*Per Curiam:*[1]

The litigants have been fighting over the custody of their three
children for the past several years. This fight has been the stage

---

[1] This appeal was previously dismissed in an unpublished order of this
court. Pursuant to a request from Judge Marren of the Family Court, we
issue this opinion in place of our order dismissing appeal filed December 22,
1993.

for a myriad of allegations, formal charges, and official court battles. As of 1991, the parents were subject to a "shared" or joint physical custody order of the district court.

In December 1991, Rita petitioned the domestic relations referee to commission a court-appointed special advocate ("CASA") to investigate evidence of child abuse. Rita claimed that her son was being physically abused by John Thomas Truax's (Thomas) daughter from a prior marriage. A CASA was assigned and conducted an examination of all three children.

To the agreement of both parties, the referee held an evidentiary hearing to consider the CASA's evaluations and other expert testimony. At that hearing, three experts presented exhaustive testimony regarding their respective examinations of the "familial" relationship.

The referee found that the best interests of the children would be served by vesting Rita with primary physical custody and affording Thomas visitation rights. The referee agreed with the testimony and recommendations of the CASA; the joint custody order was working to the detriment of the children, and there was evidence that the litigant's son was being mistreated while at Thomas' home. After considering Thomas' objections, the district court adopted the referee's findings.

Thomas appeals, claiming that the child custody referee applied the wrong legal standard when considering a modification of joint custody. He also argues that the district court abused its discretion by adopting the referee's findings and recommendations. We disagree with both contentions and affirm the district court's order.

NRS 125.510(2) specifically describes when a *joint* custody arrangement may be revisited and modified by the court:

> 2. Any order for joint custody may be modified or terminated by the court upon the petition of one or both parents or on the court's own motion *if it is shown that the best interest of the child requires the modification or termination.* The court shall state in its decision the reasons for the order of modification or termination if either parent opposes it.

(Emphasis added.) Thomas disregards this language and mistakenly cites Murphy v. Murphy, 84 Nev. 710, 447 P.2d 664 (1968), for the proposition that the court can only modify custody where circumstances are materially altered and a change would substantially enhance the children's welfare.

This argument fails for two reasons. First, Thomas did not preserve this argument for appeal. Failing to object in the district court level, we cannot consider the merits of Thomas' conten-

tions. Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983-84 (1981) (aside from general jurisdiction, issues not objected to at trial court are waived for appeal). Second, *Murphy,* is inapplicable to the instant case. The decision was handed down in 1968, well before NRS 125.510(2) was enacted by the Nevada Legislature in 1981. *See* 1981 Nev. Stat., ch. 148 at 283-84. Moreover, *Murphy* only describes when a modification to a *primary* custody agreement is warranted. In view of these simple facts and the plain language of NRS 125.510(2), we conclude that the referee properly applied the best interests of the child standard in the instant case.

Thomas' second claim of error does not fare any better than his first. Consistent with Nevada statutes and pertinent case law, trial courts are vested with broad discretion concerning child custody matters. NRS 125.510; Rooney v. Rooney, 109 Nev. 540, 853 P.2d 123 (1993). This court will not disturb a lower court's findings absent a clear abuse of that discretion. Gilbert v. Warren, 95 Nev. 296, 594 P.2d 696 (1979); Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975).

Thomas asserts that the district court abused its discretion by improperly discounting the testimony of Dr. Elizabeth Richitt. He points out that Dr. Richitt had spent far more time interviewing and dealing with the three children than did the CASA. He then asserts that Dr. Richitt's opinions about "coaching" and "parental alienation syndrome" should not have been disregarded by the referee. In other words, Thomas is claiming that the CASA was duped by the three children, and thus, the CASA's testimony was skewed in favor of Rita.

Thomas is simply rehashing trial court argument. It is the referee's prerogative, as the arbiter of fact, to decide which testimony is most credible. Roggen v. Roggen, 96 Nev. 687, 615 P.2d 250 (1980). There is nothing in the record that indicates that the referee abused its discretion in exercising this prerogative.

The CASA reported that each child claimed they were being left unsupervised with Thomas' daughter from a prior marriage, in clear violation of a prior court order. Each child also claimed that this same individual was physically abusive on several occasions. This testimony is corroborated by the severe bite mark inflicted on the litigants' son. In addition, the CASA opined that the joint custody arrangement was detrimental to the children's well-being and required some type of modification. Finally, all these findings were consistent with Dr. Lewis Etcoff's evaluations (a third testifying expert). Dr. Etcoff agreed with the CASA's

testimony and determined that there was no evidence of parental alienation syndrome.

Considering all the evidence and testimony contained in the record, we conclude that the trial court did not abuse its discretion by adopting the referee's findings.

Therefore, we affirm the order of the district court.