OPINION
 

 Per Curiam:
 

 Appellant Walter Scott Wiese (Wiese) and respondent Vicki Lynn Granata (Granata) were divorced in February 1987, and
 
 *1411
 
 custody of the parties’ daughter, Autumn, was awarded to Wiese. Autumn has remained in her father’s custody ever since.
 

 On December 30, 1993, Granata filed an application for a temporary order for protection against domestic violence from Wiese. This application did not request a change in the custody of Autumn. The district court issued the requested temporary order for protection that same day. The district court’s order did not purport to alter child custody in any way.
 
 [1]
 

 On January 28, 1994, Wiese was served with a motion brought by Granata to extend the temporary order of protection and modify it with respect to Granata’s visitation rights with Autumn. The motion did not request a change of custody. Accompanying this motion was a notice of hearing and an order to show cause. The notice informed Wiese that on April 8, 1994, the district court would consider whether to extend, modify or dissolve the temporary order for protection and would determine whether Wiese had violated the temporary order for protection. The notice did not require Wiese to appear (however, the order to show cause attached to the notice did order Wiese to appear).
 

 The district court held the hearing on April 8, 1994, as scheduled. Wiese did not, however, appear at the hearing, apparently because his counsel had not told him he needed to appear. We do not know what transpired at this hearing because neither the transcript nor the minutes from the hearing are part of the record on appeal. What we do know is that following the hearing, on April 13, 1994, the district court issued an order granting Granata physical custody of Autumn. Wiese requested an emergency stay of the order. Following a thirty-minute hearing regarding this request, the district court took the matter under consideration and on April 18, 1994, denied Wiese’s request for an emergency stay and reaffirmed its April 13, 1994 order giving custody of Autumn to Granata.
 

 Wiese appealed and moved this court for an emergency stay of the district court’s orders changing custody. In an April 28, 1994 order, this court stayed those portions of the district court’s orders which affected the custody rights of the parties. We now vacate those portions of the district court’s April 13, and 18, 1994 orders which affect the custody rights of the parties because (1) Wiese did not receive notice that the issue of child custody
 
 *1412
 
 was before the district court; (2) Wiese did not receive a full and fair hearing; and (3) the district court did not consider or apply the proper standard for modifying custody before it changed custody of Autumn to Granata.
 

 First, due process requires that notice be given before a party’s substantial rights are aifected. The notice of hearing Wiese received does not mention or even hint that child custody is at issue. Dagher v. Dagher, 103 Nev. 26, 731 P.2d 1329 (1987), is exactly on point. In that case, the district court gave custody of the parties’ minor child to the father following a hearing on a motion for “modification of divorce” which the mother failed to attend.
 
 Id.
 
 at 27, 731 P.2d at 1329. The motion for modification of divorce did not seek a permanent change of physical custody. Thus, as with Wiese in this case, the mother was never apprised that the hearing might involve a change of custody.
 
 Id.,
 
 731 P.2d at 1329. This court reversed the district court’s order changing custody, calling it “precipitous” and holding that “the court erred in changing custody without prior specific notice and as a sanction for perceived maternal misconduct.”
 
 Id.
 
 at 28, 731 P.2d at 1330 (footnote omitted).
 

 The district court’s orders in this case were also precipitous, and, as in
 
 Dagher,
 
 appear to have been motivated by Wiese’s failure to appear at the April 8, 1994 hearing. As we noted in
 
 Dagher,
 
 “a court may not use changes of custody as a sword to punish parental misconduct.”
 
 Id.
 
 at 28 n.3, 731 P.2d at 1330 n.3;
 
 see also
 
 Moser v. Moser, 108 Nev. 572, 576, 836 P.2d 63, 66 (1992).
 

 Granata argues that Wiese should have known the April 8, 1994 hearing would encompass child custody issues because the word “modified” is circled in the notice of hearing on the temporary protective order. This argument is just short of specious. Nothing in the notice or the order to show cause can be fairly read as notice that custody of Autumn would be at issue at the April 8, 1994 hearing. Granata never requested a modification of child custody in any of her moving papers, and the motion which accompanied the notice of hearing disclosed only that Granata sought to have her
 
 visitation
 
 rights modified.
 

 Furthermore, even if Wiese had received notice that child custody was to be determined in the April 8, 1994 hearing on the temporary protective order, the hearing Wiese actually received (the hearing on the emergency stay) cannot be construed as having provided Wiese with due process of law.
 

 Litigants in a custody battle have the right to a full and fair
 
 *1413
 
 hearing concerning the ultimate disposition of a child. At a minimum, observance of this right requires that before a parent loses custody of a child, the elements that serve as a precondition to a change of custody must be supported by factual evidence. Furthermore, the party threatened with the loss of parental rights must be given the opportunity to disprove the evidence presented.
 

 Moser,
 
 108 Nev. at 576-77, 836 P.2d at 66 (citation omitted). The hearing Wiese received was limited to thirty minutes, he was not allowed to present any witnesses, and because Granata in fact presented no evidence, Wiese necessarily had no chance to “disprove the evidence presented.”
 

 Finally, the district court did not apply or even consider the proper standard in changing custody of Autumn. Here the only relevant finding the district court made was that “there is no basis to conclude that Autumn will be exposed to harm while in [Granata’s] custody.” This obviously is not a basis for modifying custody. A change in custody is warranted only when: “(1) the circumstances of the parents have been
 
 materially
 
 altered; and (2) the child’s welfare would be
 
 substantially enhanced
 
 by the change.” Murphy v. Murphy, 84 Nev. 710, 711, 447 P.2d 664 (1968) (emphasis added). No materially changed circumstances which would justify a modification of Autumn’s custody have been demonstrated in the record before this court, and the district court made no attempt to ascertain whether Autumn’s welfare would be enhanced by the change in her custody, much less substantially so.
 

 For the foregoing reasons, those portions of the district court’s orders which affect the parties’ custody rights are reversed.
 
 [2]
 

 [1]
 

 Granata’s allegations of domestic violence are summarized as follows: Granata alleged that Wiese physically abused her in 1985 and that she received four “bizarre” letters purportedly from Wiese. Granata also alleged that Wiese asked Autumn what kind of car Granata drives. As a result, Granata alleged that she “felt in danger.” In addition, Granata alleged that she saw Wiese stalking her. Granata noted in her application that Wiese “hasn’t threatened me recently, however, due to past threats of violence . . . and [sic] that he continues to stalk me I feel afraid and threatened.”
 

 [2]
 

 In the interest of justice, if any future proceedings are conducted in this case, the case should be reassigned to a Family Court Judge other than Judge Jordan.