OPINION
By the Court,
Shearing, C. J.:
Appellant Hydee McDermott, now Hydee Myres (“Hydee”), and respondent Bradley. McDermott (“Brad”) divorced in Febru *1135 ary 1992 after a two-year marriage. The decree of divorce gave the couple joint legal custody of their minor child, Kaylee, and designated Hydee as the primary custodial parent.
On August 1, 1995, Brad filed a motion to modify child custody. On October 4, 1995, Brad was arrested following an altercation with Hydee and later convicted of misdemeanor battery/domestic violence.
In late December 1995, the district court conducted an eviden-tiary hearing to resolve the child custody dispute. Ultimately, the court ordered a change of custody in favor of Brad based on Murphy v. Murphy, 84 Nev. 710, 447 P.2d 664 (1968), and Truax v. Truax, 110 Nev. 437, 874 P.2d 10 (1994). On appeal, Hydee contends, inter alia, that the district court erred by modifying custody.

DISCUSSION

Hydee contends that the district court failed to properly consider NRS 125.480 when making its decision to change custody.
“A change in custody is warranted only when: ‘(1) the circumstances of the parents have been materially altered; and (2) the child’s welfare would be substantially enhanced by the change.’ ” Wiese v. Granata, 110 Nev. 1410, 1413, 887 P.2d 744, 746 (1994) (quoting Murphy, 84 Nev. at 711, 447 P.2d at 665). A trial court’s determination of custody will not be disturbed unless there has been a clear abuse of discretion, so long as this court is satisfied that the determination was made for appropriate reasons. Sims v. Sims, 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993).
NRS 125.480 provides that, in determining the best interest of the child, the court shall consider whether either parent has engaged in domestic violence. NRS 125.480(4)(c). On October 1, 1995, NRS 125.480(5) came into effect.[1] Under NRS 125.480(5) and (7),[2] if the court finds by clear and convincing *1136 evidence that one of the parents has committed domestic violence, as defined in NRS 33.018, upon “a parent of the child,” a rebuttable presumption is created that “sole or joint custody of the child by the perpetrator of the domestic violence is not in the best interest of the child.” NRS 33.018 provides that an act of domestic violence occurs when one person commits battery or assault upon another with whom he or she “has a child in common.” NRS 33.018.[3]
At the custody hearing, Brad testified that, on December 6, 1995, he was convicted of misdemeanor battery/domestic violence. That conviction stemmed from Brad’s battery of Hydee on October 4, 1995, when she arrived at Brad’s house to pick up Kaylee. Because Brad was found guilty beyond a reasonable doubt, we conclude that the incident qualifies as an act of domestic violence under NRS 33.018. Consequently, the district court should have considered Brad’s conviction in light of the rebuttable presumption in NRS 125.480 when making its decision on the motion for modification of child custody.
The record shows that the district court was aware of Brad’s domestic violence conviction. However, the sole references to Brad’s violence and temperament problems in the district court’s order were embodied in its findings that: (1) it did not approve of the October 4, 1995 violence, but that it “understands the provocation which might have existed”; (2) the defendant should attend domestic violence classes; (3) attendance at these classes will be ordered by the court unless Brad voluntarily goes; (4) the October 4, 1995, behavior will not be tolerated in the future; (5) *1137 the court will revisit its order if Brad fails to comply with the suggested treatment; and (6) Brad must complete the suggested programs within the school year.
There is no indication that the district court gave due weight to, or even considered, the rebuttable presumption in NRS 125.480(5) that sole custody or joint custody of the child by the perpetrator is not in the best interest of the child. Accordingly, we conclude that the district court abused its discretion by failing to expressly consider all necessary components of NRS 125.480.
We reverse the order of the lower court and remand this case so that the court may reconsider its child custody modification order in light of the rebuttable presumption in NRS 125.480.[4]
Rose, Young, and Maupin, JJ., concur.

 In the instant matter, Brad filed his motion to modify custody on August 1, 1995; however, the act of domestic violence and the hearing on the motion did not occur until after October 1, 1995, the effective date of the amendments to NRS 125.480. Therefore, we conclude that NRS 125.480(5) applies.

 NRS 125.480 provides, in pertinent part:
5. Except as otherwise provided in subsection 6 or NRS 125A.360, a determination by the court after an evidentiary hearing and finding by clear and convincing evidence that either parent or any other person seeking custody has engaged in one or more acts of domestic violence against the child, a parent of the child or any other person residing with the child creates a rebuttable presumption that sole or joint custody of *1136 the child by the perpetrator of the domestic violence is not in the best interest of the child. Upon making such a determination, the court shall set forth:
(a) Findings of fact that support the determination that one or more acts of domestic violence occurred; and
(b) Findings that the custody or visitation arrangement ordered by the court adequately protects the child and the parent or other victim of domestic violence who resided with the child.
7. As used in this section, “domestic violence” means the commission of any act described in NRS 33.018.

 NRS 33.018 provides, in relevant part:
Domestic violence occurs when a person commits one of the following against or upon another to whom he is related by blood or marriage, with whom he is or was actually residing, with whom he had or is having a dating relationship or with whom he has a child in common, or upon his minor child or a minor child of that person:
1. A battery.
2. An assault.

 The district court should also make findings pursuant to NRS 125.480(5)(b), discussing how visitation arrangements would be made to adequately protect Kaylee and Hydee.