**134 Nev., Advance Opinion 6**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY FELTON,
Appellant,
vs.
DOUGLAS COUNTY; AND PUBLIC
AGENCY COMPENSATION TRUST,
Respondents.

No. 70497

**FILED**

FEB 15 2018



Appeal from a district court order denying a petition for judicial review of a workers' compensation award. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Reversed and remanded.*

Evan B. Beavers, Nevada Attorney for Injured Workers, and Edward L. Oueilhe, Deputy Nevada Attorney for Injured Workers, Carson City,
for Appellant.

Thorndal, Armstrong, Delk, Balkenbush & Eisinger and Robert F. Balkenbush and John D. Hooks, Reno,
for Respondents.

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Workers' compensation benefits are based on a percentage of a worker's average monthly wage; therefore, the proper calculation of a claimant's average monthly wage is of paramount importance.

Uncompensated volunteers are provided with a "deemed wage," a fictional salary from which benefits can be calculated if a volunteer, who would not otherwise be an "employee," is injured in the course of volunteer work. This appeal requires us to determine whether a claimant who is injured during the course of volunteer work, who also has concurrent private employment, should have his average monthly wage based solely on his "deemed wage" from volunteer work, or whether he is entitled to have his deemed wage be aggregated with earnings from his concurrent private employment. Because the plain language of our relevant workers' compensation statutes and regulations requires the aggregation of concurrently earned wages, we reverse the district court's denial of appellant's petition for judicial review and remand to the district court with instructions to grant the petition and to remand the matter to the appeals officer for further proceedings consistent with this opinion.

## BACKGROUND

Appellant, Gregory Felton, sustained a minor injury to his knee while volunteering on a Douglas County search and rescue team. At that time, Felton worked for Hewlett-Packard as a quality control specialist.

Following his injury, Felton filed a claim seeking insurance benefits from Douglas County and its workers' compensation insurance carrier, the Public Agency Compensation Trust (PACT). The third-party claims adjustor, Alternative Service Concepts (ASC), notified Felton by letter that it had calculated his average monthly wage (AMW) for the purpose of determining the amount of benefits to which he would be entitled under his claim. ASC based its calculations upon the statutorily deemed wage of a search and rescue volunteer as set forth in NRS 616A.157, which is $2,000 per month. ASC awarded Felton a one-percent permanent partial disability (PPD) or whole person impairment (WPI). Felton disputed the

 

ASC award as to both his AMW and PPD and sought review by a hearing officer. Before the hearing officer, Felton argued that his deemed wage and his earned wage at Hewlett-Packard should be aggregated. The hearing officer affirmed the ASC award in its entirety. Felton appealed only the hearing officer's determination that his AMW should be set at the statutorily deemed wage of a search and rescue volunteer.[1]

The appeals officer affirmed the hearing officer's determination and held that, as a matter of law, Felton was not entitled to an AMW that aggregated his statutorily deemed wage and his earned wage from his private employment.

Felton filed a timely petition for judicial review, arguing that the appeals officer erred as a matter of law by not aggregating his statutorily deemed wage for volunteer work with his actual earned wage. The district court denied Felton's petition in a written order.

## DISCUSSION

"The standard for reviewing petitions for judicial review of administrative decisions is the same for this court as it is for the district court." *City of Reno v. Bldg. & Constr. Trades Council of N. Nev.*, 127 Nev. 114, 119, 251 P.3d 718, 721 (2011). "Like the district court, we decide pure legal questions without deference to an agency determination." *Id.* (internal quotation marks omitted). Likewise, "[w]e do not give any deference to the district court decision when reviewing an order regarding a petition for judicial review." *Id.* This court applies a de novo standard of review to questions of law, which includes the administrative construction of statutes.

---

[1]By only appealing the hearing officer's determination as to AMW, Felton conceded the propriety of the award of a one-percent PPD/WPI.

*Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784-85, 312 P.3d 479, 482 (2013).

*NRS 616A.065 provides a starting point for calculating Felton's AMW*

Felton argues his deemed wage and privately earned wage should be aggregated to calculate his AMW. NRS 616A.065 provides in pertinent part:

> 1. Except as otherwise provided in subsection 3, "average monthly wage" means the lesser of:
>
> (a) The monthly wage actually received or deemed to have been received by the employee on the date of the accident or injury to the employee . . . ; or
>
> (b) One hundred fifty percent of the state average weekly wage as most recently computed by the Employment Security Division of the Department of Employment, Training and Rehabilitation during the fiscal year preceding the date of the injury or accident, multiplied by 4.33.

In its written order, the appeals officer quoted the definition of AMW with the following emphasis:

> I. Except as otherwise provided in subsection 3, "average monthly wage" **means the lesser of**:
>
> (a) The monthly wage actually received **or** deemed to have been received by the employee on the date of the accident or injury to the employee, excluding remuneration from employment . . . .

The appeals officer found that the emphasized language barred the aggregation of both earned and deemed wages for the purpose of calculating AMW.

However, in giving effect to the language "the lesser of," the focus should have been on the "or" that separates subsections (1)(a) from (1)(b), not the "or" within subsection (a). "Material within an indented

SUPREME COURT
OF
NEVADA

(O) 1947A

subpart relates only to that subpart; material contained in unindented text relates to all of the following [ ] indented subparts." Antonin Scalia & Bryan A. Garner, *Reading Law: the Interpretation of Legal Texts*, 156 (2012). The phrase "the lesser of" is followed by a colon, and refers to the two indented subsections that follow the colon. As such, the statute refers to "the lesser of" subsection (a) or subsection (b), not "the lesser of" wages actually received or deemed to have been received.

With regard to the "or" contained in subsection (a), NRS 616A.065 clearly states that wages "deemed to have been received" or actually received are properly included in an AMW determination. But it is not clear from the statute that concurrent employment was contemplated and, if so, how it should be considered, which is the issue presented by Felton. "When a statute . . . does not address the issue at hand," we may go beyond the statutory language to determine the Legislature's intent. *Pub. Employees' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 147, 179 P.3d 542, 548 (2008). While we do not find assistance in the legislative history of NRS 616A.065, we find NRS 616C.420 illuminating in that it requires that regulations be promulgated to provide "a method of determining average monthly wage." And one of those regulations, NAC 616C.447, explicitly addresses concurrent employment.

*NAC 616C.447 requires that Felton's AMW be calculated by aggregating his private wage with his deemed wage for volunteer work*

By enacting NRS 616C.420, the Legislature delegated authority to the Administrator of the Division of Industrial Relations to "provide by regulation for a method of determining average monthly wage." The resulting regulation is NAC 616C.447, which provides that:

> The average monthly wage of an employee who is employed by two or more employers covered by a private carrier or by a plan of self-insurance on the

date of a disabling accident or disease is equal to the sum of the wages earned or deemed to have been earned at each place of employment. The insurer shall advise an injured employee in writing of his or her entitlement to compensation for concurrent employment at the time of the initial payment of the compensation.

The appeals officer stated that "where a statute (or regulation) is unambiguous[,] the plain language will control. The plain language of NRS 616A.065 and NAC 616C.447 do not mandate the aggregation of earned wages *and* those deemed to have been earned, as they are two different categories of wages." This statement, however, ignores the plain language of NAC 616C.447, as there is no language barring aggregation of "different categories of wages"; to the contrary, the language requires aggregation of wages, whether they were "earned" or "deemed to have been earned," at *"each place of employment"* (emphasis added). NAC 616C.447.

In an attempt to distinguish the applicability of NAC 616C.447, the appeals officer relied upon *Meridian Gold Co. v. State ex rel. Department of Taxation*, 119 Nev. 630, 81 P.3d 516 (2003), to state that "[c]ourts, scholarly publications, and recently the Nevada Supreme Court have held that where an administrative regulation conflicts, expands or modifies a governing statute[,] it will be deemed invalid." Applying that principle, the appeals officer concluded:

> to the extent that NAC 616C.447 were construed to mandate aggregation of deemed wages and earned wages from concurrent employment, this regulation might be deemed to exceed, modify and conflict with the Nevada statute that specifically defines average monthly wage (NRS 616A.065) and the statute governing the stated average monthly wage of volunteer members of search and rescue organizations (NRS 616A.157), which latter statute

SUPREME COURT
OF
NEVADA

(0) 1947A

6

does not address, allow for, nor contemplate wages from private/public concurrent employment.

We have previously stated that we "will not hesitate to declare a regulation invalid when the regulation violates the constitution, conflicts with existing statutory provisions or exceeds the statutory authority of the agency or is otherwise arbitrary and capricious." *Meridian Gold Co.*, 119 Nev. at 635, 81 P.3d at 519 (quoting *State, Div. of Ins. v. State Farm Mut. Auto. Ins. Co.*, 116 Nev. 290, 293, 995 P.2d 482, 485 (2000)). However, when faced with related provisions, we construe them in harmony whenever possible so as to give effect to each of the controlling legal provisions. *See State, Div. of Ins.*, 116 Nev. at 295, 995 P.2d at 486.

Reading the relevant provisions in conjunction with one another, they do not conflict, but rather, provide context as separate pieces of a puzzle that fit together in NAC 616C.447. NRS 616A.065 provides the definition (specifically referencing "deemed wages" as a possible starting point for calculating AMW) and a maximum limit of an AMW, but is silent regarding how to deal with concurrent wages. The amount of wages "deemed to have been received" that NRS 616A.065 references is provided (for search and rescue volunteers) in NRS 616A.130 if the injury occurred prior to 2013 or NRS 616A.157 thereafter. With just those statutes, there would be no clear answer as to how to calculate an AMW for a claimant with concurrent wages. However, the Administrator exercised the authority granted by NRS 616C.420 to enact NAC 616C.447, which provides an answer in plain language. If a claimant has concurrent employment, his or her AMW is "equal to the sum of the wages earned or deemed to have been earned at each place of employment." NAC 616C.447.

Contrary to the appeals officer's conclusion, NAC 616C.447 is not a more general provision that conflicts with more specific statutes;

rather, it provides specific directions regarding the calculation of AMW using the deemed wages provided by statutes when a claimant has concurrent private employment. If a volunteer search and rescue worker without any other employment is injured in the course of his or her duties, NRS 616A.157 (or NRS 616A.130 if the injury occurred before 2013) stands alone to provide the AMW (subject to the maximum set by NRS 616.065(1)(b)). However, if the volunteer has concurrent employment, as Felton did at the time of his injury, the claimant's AMW shall be calculated pursuant to NAC 616C.447, subject to the maximum set forth in NRS 616A.065(1)(b). The appeals officer erred by finding an inconsistency where none exists in the plain language of NAC 616C.447 read in conjunction with the plain language of NRS 616A.130 and NRS 616A.157.[2]

## CONCLUSION

Pursuant to NAC 616C.447, Felton's average monthly wage should have been based on the aggregation of his deemed wage for his volunteer work and his concurrent privately earned wage from working at Hewlett-Packard, subject to the maximum amount set forth in NRS

---

[2]The appeals officer found that "while Nevada law is silent on whether it would allow the aggregation of wages from two dissimilar employments, it may very well adopt the related-employment rule accepted by a majority of jurisdictions throughout the country." Respondents urge this court to adopt the related-employment rule and the parties advance policy reasons for and against adopting such a rule. We decline the invitation to adopt a rule that is absent from statutory language. *See Weaver v. State Indus. Ins. Sys.*, 104 Nev. 305, 306, 756 P.2d 1195, 1196 (1988).

616A.065(1)(b).[3] Accordingly, we reverse the denial of Felton's petition for judicial review and remand this matter to the district court. The district court is instructed to remand this matter to the appeals officer for remand to ASC to recalculate Felton's benefit in a manner that is consistent with this opinion.

_____, J.
Stiglich

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

---

[3]We note that at the time of Felton's injury, NRS 616A.130 provided the deemed wage for volunteer workers within a state or local organization, a category that included volunteers for Douglas County search and rescue like Felton. However, in calculating Felton's deemed wage, ASC relied upon NRS 616A.157, a statute that did not take effect until after Felton's injury. *See* NRS 616C.425(1) (requiring that compensation and benefits "be determined as of the date of the accident or injury to the employee, and their rights thereto become fixed as of that date"). The appeals officer recognized that Felton was injured before NRS 616A.157 went into effect but adopted ASC's use of the statute and found that "[n]either Douglas County nor the PACT appealed this determination and, therefore, <u>effective the date of the determination</u>, the statutory deemed wage under NRS 616[A].157 is Felton's AMW under the claim."