138 Nev., Advance Opinion 1

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AARON ROMANO,<br>Appellant,<br>vs.<br>TRACY ROMANO,<br>Respondent. | No. 81259 |
| AARON ROMANO,<br>Appellant,<br>vs.<br>TRACY ROMANO,<br>Respondent. | No. 81439<br><br>**FILED**<br><br>JAN 13 2022<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Consolidated appeals from district court orders denying a motion to modify child custody and child support and awarding attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; Rebecca Burton, Judge.

*Affirmed.*

The Abrams & Mayo Law Firm and Rena G. Hughes and Jennifer V. Abrams, Las Vegas,
for Appellant.

Kainen Law Group and Racheal H. Mastel, Edward L. Kainen, and Andrew L. Kynaston, Las Vegas,
for Respondent.

22- 01343

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, CADISH, J.:

In these consolidated appeals, we consider the circumstances under which a district court may modify the joint physical custody of minor children and a parent's child-support obligations. As to custody, we hold that a court may modify a joint or primary physical custody arrangement only if (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) the modification serves the best interest of the child. This two-part inquiry unifies tests previously applied by this court in determining whether a joint or primary physical custody arrangement should be modified on a parent's motion. Regarding child support, we hold that the new child-support guidelines alone do not constitute a change in circumstances necessary to support a motion to modify a child-support obligation. Applying these standards to this case, we conclude the district court did not abuse its discretion when it denied appellant's motion to modify the parties' physical custody designation and his child-support obligation. Additionally, we conclude that the district court did not abuse its discretion in awarding respondent attorney fees and costs. Accordingly, we affirm.

*FACTS AND PROCEDURAL HISTORY*

Appellant Aaron Romano and respondent Tracy Romano divorced in 2019. Before the decree was entered, in March 2019, the parties agreed to resolve all issues relating to the custody, control, and care of their seven minor children in a stipulated order. This agreement created a

complex timeshare regarding the physical custody of each child. Under the timeshare, the oldest 3 children are in Aaron's custody approximately 90 percent of the time, while the younger 4 children are in Tracy's custody approximately 95 percent of the time. The agreement indicates that both parties will make efforts to have the minor children spend more time with the other parent. Although the timeshare does not meet the at-least-40-percent-physical-custody standard for joint physical custody, the parties agreed to joint physical custody of the children, regardless.

In June 2019, after the parties resolved custody, they stipulated to a Marital Settlement Agreement (MSA), which provides terms regarding alimony, income, and child support. Pursuant to the MSA, Aaron owes Tracy $1,138 per month per child, the presumptive maximum for child support at the time, for the four youngest children and $569 per month for one of the older children. The MSA further provides that the prevailing party in litigation concerning the terms and conditions of the MSA or a breach of the MSA is entitled to attorney fees and costs.

Roughly eight months later, Aaron filed a "Motion to Confirm De Facto Physical Custody Arrangement of Children." In it, he requested that the court modify the custody order to reflect that he had primary physical custody of the three oldest children, while Tracy had primary physical custody of the four youngest children. He further requested the court to modify the child-support obligations because of the actual physical custody timeshare as well as an increase in Tracy's monthly income from $0 to $6,018.67. Tracy opposed, arguing that their global settlement did not warrant modification, as it reflected what the parties contemplated and stipulated to in court, such that there were no changed circumstances. As

to her income, which consists of alimony and interest on a promissory note paid by Aaron, Tracy argued that there was no change in circumstances because her income was part of the parties' global settlement agreement, which Aaron knew of at the time they agreed on child support.

The district court denied Aaron's motion, concluding that there was no change in circumstances that warranted modifying custody, that Aaron's motion "seem[ed] to be an attempt to create a non-existent change of circumstances to be able to apply the new child support guidelines," and that Tracy's income had not changed. On Tracy's motion, the district court awarded her attorney fees and costs pursuant to the MSA and NRS 18.010(2)(b), finding that Tracy was the prevailing party and that Aaron brought his motion without reasonable grounds. Aaron appealed from both of the district court's orders, and we consolidated his appeals for resolution.

## DISCUSSION

*The district court did not abuse its discretion when it denied Aaron's motion to modify custody*

Aaron argues that the district court abused its discretion by denying his motion to modify physical custody because *Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009), does not require a party to show a change in circumstances before the court will determine the nature of the custody arrangement under Nevada law and modify the custody order accordingly. *Rivero*'s framework, however, relies on the premise that two distinct tests apply for evaluating motions to modify a physical custody arrangement depending on whether the arrangement is joint or primary. While our caselaw in this area has been inconsistent, we now clarify that regardless of whether a movant requests to modify joint custody or primary physical custody, the test to evaluate such a motion is one and the same—the movant

must show that "(1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification." *Ellis v. Carucci*, 123 Nev. 145, 150, 161 P.3d 239, 242 (2007).

We first suggested that the test to modify joint physical custody may be different from the test to modify primary physical custody in *Truax v. Truax*, 110 Nev. 437, 874 P.2d 10 (1994). There, we stated that the test from *Murphy v. Murphy*[1]—the controlling custody-modification test at that time—applied only to primary physical custody arrangements because the Legislature had enacted NRS 125.510(2) after we decided *Murphy*. *Truax*, 110 Nev. at 438-39, 874 P.2d at 11. Because NRS 125.510(2) then provided that a court may modify a joint physical custody arrangement when the movant shows it is in the child's best interest to do so, we concluded that a party need not show a change in circumstances to modify a joint physical custody arrangement. *Id.* (citing 1981 Nev. Stat., ch. 148, at 283-84); *see also Hopper v. Hopper*, 113 Nev. 1138, 1142 n.2, 946 P.2d 171, 174 n.2 (1997) (recognizing that *Truax* "explained that the *Murphy* change of circumstances criterion would not apply to the modification of *joint physical custody* orders"), *overruled in part on other grounds by Castle v. Simmons*, 120 Nev. 98, 105, 86 P.3d 1042, 1047 (2004).

Even when *Truax* was decided, however, the child's best interest was the sole factor for a court to consider in determining physical custody regardless of whether a party sought joint or primary custody. NRS

---

[1]*Murphy v. Murphy*, 84 Nev. 710, 711, 447 P.2d 664, 665 (1968), *overruled by Ellis*, 123 Nev. at 150, 161 P.3d at 242.

125.480, *repealed by* 2015 Nev. Stat., ch. 445, § 19, at 2591, *and reenacted in substance in NRS 125C.0035 by* 2015 Nev. Stat., ch. 445, § 8, at 2583-85. And as we subsequently explained, *Truax*'s statement that a joint physical custody arrangement may be modified if the movant shows that it is in the child's best interest "did not mean that we abandoned the doctrine of res adjudicata in child custody matters and that persons dissatisfied with custody decrees can file immediate, repetitive, serial motions until the right circumstances or the right judge allows them to achieve a different result, based on essentially the same facts." *Mosley v. Figliuzzi*, 113 Nev. 51, 58, 930 P.2d 1110, 1114 (1997) (emphasis omitted), *overruled in part by Castle*, 120 Nev. at 105 n.20, 86 P.3d at 1047 n.20. In that regard, we observed that "[i]t is rather obvious that when a judge makes a decision on child custody, such a decision should not be subject to modification if substantially the same set of circumstances that were present at the time the decision was made remains in effect." *Id.* at 58, 930 P.2d at 1115.

Consistent with that observation, we later explained in the context of reviewing an order granting a motion to modify primary physical custody that requiring the movant to show a substantial change in circumstances affecting the welfare of the child "serves the important purpose of guaranteeing stability unless circumstances have changed to such an extent that a modification is appropriate." *Ellis*, 123 Nev. at 151, 161 P.3d at 243. Because custodial stability is important for children regardless of the custodial designation, and res judicata principles are equally applicable in all child custody matters, we perceive no basis, statutory or otherwise, to maintain separate tests for evaluating a motion to modify a child-custody arrangement. Accordingly, consistent with *Ellis*,

Supreme Court
of
Nevada

(O) 1947A

6

we hold that a court may modify a joint or primary physical custody arrangement only when "(1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification."[2] *Id.* at 150, 161 P.3d at 242.

Applying that analysis here, we discern no abuse of discretion in the district court's conclusion that there was no change in circumstances that warranted modifying the child-custody arrangement, as Aaron did not allege, much less show, a substantial change in circumstances affecting the welfare of the children in the short time since the arrangement was agreed upon. *See Rivero*, 125 Nev. at 428, 216 P.3d at 226 (reviewing a district court's custody determinations for an abuse of discretion). As the district court stated after reviewing the timeshare schedule and the parties'

---

[2]This two-part analysis is consistent with other jurisdictions' approaches regarding motions to modify a joint physical custody arrangement. *See, e.g., E.F.B. v. L.S.T.*, 157 So. 3d 917, 921 (Ala. Civ. App. 2014) ("Our supreme court has held that joint-physical-custody arrangements may be modified based on a material change of circumstances showing that modification would serve the best interests of the children."); *Mahan v. McRae*, 522 S.E.2d 772, 773 (Ga. Ct. App. 1999) (holding that "[o]nce a permanent child custody award has been entered, the test for use by the trial court in change of custody suits is whether there has been a change of conditions affecting the welfare of the child"); *Mimms v. Brown*, 856 So. 2d 36, 43 (La. Ct. App. 2003) (applying the changed circumstances and best interest of the child test to a motion to modify a stipulated joint custody order); *see also Family Law and Practice* § 32.10[1] (Arnold H. Rutkin ed. 2020) ("The legal principles governing modification of child custody are well settled. First, the party seeking modification must show a material change in circumstances, occurring after the entry of the previous custody order and affecting the best interests of the child. Next, the party seeking modification must prove that changing the child's custody is in the child's best interests.").

evidence and arguments, "nothing was different from what it was when [the parties] put that [physical custody] schedule together." The record supports that conclusion.[3] *See id.* at 429, 216 P.3d at 226 (observing that a district court abuses its discretion in making a custody determination when it fails to make findings of fact supported by substantial evidence).

However, Aaron argues that *Rivero* requires the district court to determine whether the actual custody arrangement qualified as joint custody as provided in the stipulated custody order before it may reject a motion to modify based on lack of changed circumstances.[4] This argument,

---

[3]As stated in *Rivero*, "parties are free to agree to child custody arrangements and those agreements are enforceable if they are not unconscionable, illegal, or in violation of public policy." 125 Nev. at 428-29, 216 P.3d at 226-27. Further, the parties may designate their agreement as either joint or primary physical custody even if the actual timeshare would not be considered joint or physical custody under Nevada law, and that designation will control unless the custody arrangement is modified. *See id.* However, a party cannot agree to a custody timeshare and designation and then move to modify the designation without also seeking to modify the timeshare itself in accordance with the test we confirm today. *Cf. Citicorp Servs., Inc. v. Lee*, 99 Nev. 511, 513, 665 P.2d 265, 266 (1983) (explaining that parties are bound by their stipulation unless they can show it "was entered into through mistake, fraud, collusion, accident or some ground of like nature").

[4]Although *Rivero* indicated that two separate tests may apply depending on what type of physical custody arrangement exists, 125 Nev. at 422 n.4, 216 P.3d at 222 n.4, the custody issue in *Rivero* turned on the district court's abuse of discretion in (1) summarily determining that the parties had a joint physical custody arrangement without making any supporting findings of fact, and (2) modifying custody without supported factual findings that doing so was in the child's best interest, *id.* at 430, 216 P.3d at 227. Thus, the test that applies in determining a motion to modify

however, is premised on the continued existence of two separate tests for evaluating a motion to modify physical custody and, therefore, is foreclosed by our holding that the same two-part test applies to motions to modify any physical custody arrangement. Thus, we overrule *Rivero* to the extent it indicates that a district court must first determine what type of physical custody arrangement exists before considering whether to modify that arrangement.[5] Accordingly, the district court did not abuse its discretion when it denied Aaron's motion based on his failure to demonstrate a substantial change in circumstances without first determining whether the parties were exercising a joint or primary physical custody arrangement.[6]

---

a physical custody arrangement was not the basis for the disposition reversing and remanding.

[5]Nothing in this opinion overrules the dispositive aspects of *Rivero*, which define joint and primary physical custody and require the district court to make express findings of fact as to whether the moving party met the criteria for modifying physical custody. 125 Nev. at 420-28, 216 P.3d at 221-26.

[6]Our holding does not change the rule announced in *Nance v. Ferraro* that the doctrine of res judicata does not "bar district courts from reviewing the facts and evidence underpinning their prior rulings in deciding whether the modification of a prior custody order is in the child's best interest." 134 Nev. 152, 163, 418 P.3d 679, 688 (Ct. App. 2018); *see also Castle*, 120 Nev. at 105, 86 P.3d at 1047 ("Although the doctrine of res judicata, as applied through the changed circumstances doctrine, promotes finality and therefore stability in child custody cases, it should not be used to preclude parties from introducing evidence of domestic violence that was unknown to a party or to the court when the prior custody determination was made.").

*The district court did not abuse its discretion when it denied Aaron's motion to modify his child-support obligation*

Aaron argues that the district court abused its discretion in denying his motion to modify his child-support obligation.[7] We disagree.

We review decisions regarding child support for an abuse of discretion. *Rivero*, 125 Nev. at 438, 216 P.3d at 232. A district court may modify a child-support order if there has been a change in circumstances and the modification is in the child's best interest. *Id.* at 431, 216 P.3d at 228.

Although Aaron first argues that Tracy's income increased from $0 to $6,018.67 following the MSA, such that the district court should have reviewed the child-support order based on changed circumstances, Tracy's income and Aaron's child-support obligation were both resolved in the MSA. Thus, Tracy's income at the time the parties resolved child support was $6,018.67, and her income has not changed since then. Accordingly, the district court did not abuse its discretion when it concluded Tracy's income did not constitute a change in circumstances to support modifying Aaron's support obligation.[8]

---

[7]In light of our holding that the district court properly concluded there was no change of circumstances relating to the physical custody arrangement, we need not address Aaron's argument that a change in the custody arrangement constitutes a change of circumstances that warrants revisiting his child-support obligations.

[8]To the extent Aaron argues that the district court was required to review his child-support obligation because Tracy is an obligor and her income increased more than 20 percent, we disagree. As discussed above, Tracy's income did not increase at all after his support obligation was established, much less by 20 percent.

Aaron next argues that NAC Chapter 425, which became effective on February 1, 2020, and promulgated a new formula to determine a parent's child-support obligations, constitutes a change in circumstances that requires the district court to review the parties' child-support obligations. He further claims that NAC 425.170(3), which provides that the enactment of the new guidelines alone is not a change in circumstances sufficient to modify an existing child-support order, conflicts with our holdings in *Rivero*, 125 Nev. at 432, 216 P.3d at 228, and *Burton v. Burton*, 99 Nev. 698, 669 P.2d 703 (1983). According to Aaron, those cases show that a change in the law made after entry of a support obligation amounts to a changed circumstance, warranting modification of that obligation. We disagree.

NRS 425.620 directs the Administrator of the Division of Welfare and Support Services (the agency) to establish the guidelines for child support and authorizes the agency to promulgate regulations such as NAC 425.170(3). NRS 425.450(1) also commands the agency to establish a formula for the adjustment of child support and "[t]he times at which such an adjustment is appropriate." Because the Legislature specifically directed the agency "to ensure the maintenance of effective, efficient and appropriate guidelines that best serve the interests of the children of this State," *see* NRS 425.620(3), and expressly delegated the ability to determine when modification of child support fulfills those legislative goals, NAC 425.170(3) did not exceed the scope of the agency's power. Thus, while *Rivero* and *Burton* provide that a district court typically may modify a support order when there is a legal change in circumstances, here the duly

(O) 1947A

promulgated regulation carves out a minor exception to that general rule.[9] "A properly adopted substantive rule establishes a standard of conduct which has the force of law." *State ex rel. Nev. Tax Comm'n v. Saveway Super Serv. Stations, Inc.*, 99 Nev. 626, 630, 668 P.2d 291, 294 (1983). While we "will not hesitate to declare a regulation invalid when the regulation violates the constitution, conflicts with existing statutory provisions or exceeds the statutory authority of the agency or is otherwise arbitrary and capricious," *Felton v. Douglas County*, 134 Nev. 34, 38, 410 P.3d 991, 995 (2018) (quoting *Meridian Gold Co. v. State ex rel. Dep't of Taxation*, 119 Nev. 630, 635, 81 P.3d 516, 519 (2003)), none of those circumstances apply here. Accordingly, the district court did not abuse its discretion when it concluded that there was no change in circumstances warranting modification of Aaron's child-support obligations.[10]

---

[9]We note that neither *Rivero* nor *Burton*, which both predate NAC 425.170(3), involved a similar regulation stating that the change in the statutory scheme did not constitute a change in circumstances. *See Rivero*, 125 Nev. at 432, 216 P.3d at 228-29 (explaining the proper standard for when a court may modify a child-support obligation); *Burton*, 99 Nev. at 699-700, 669 P.2d at 704 (noting that the Legislature passed a law specifically allowing former military spouses to "request a modification in the district court of the adjudication of property rights in the decree of divorce").

[10]Aaron further argues that NAC 425.170(3) violates the Equal Protection Clause. However, Aaron waived this argument by failing to raise it before the district court. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (holding that a party waives an argument by failing to raise it in the district court). Moreover, while "issues of a constitutional nature may be addressed when raised for the first time on appeal," *Levingston v. Washoe County*, 112 Nev. 479, 482, 916 P.2d 163, 166 (1996), we decline to do so here, as Aaron failed to provide any authority

*The district court did not abuse its discretion by awarding Tracy attorney fees and costs*

As noted, the district court awarded attorney fees and costs to Tracy under the MSA and NRS 18.010(2)(b). Aaron does not challenge the reasonableness of the district court's award or the applicability of NRS 18.010 and the MSA. Because we conclude that the district court properly denied Aaron's motion, making Tracy the prevailing party, the district court likewise did not abuse its discretion by awarding Tracy attorney fees and costs. *See Kantor v. Kantor*, 116 Nev. 886, 896, 8 P.3d 825, 831 (2000) (applying an abuse of discretion standard of review to an order awarding attorney fees and costs); *see also* NRS 18.010(1) (providing that a district court may award attorney fees as provided for in an agreement between the parties or as authorized by a statute).

## CONCLUSION

A district court may modify a joint physical custody arrangement, like a primary physical custody arrangement, only when (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) the modification would serve the child's best interest. On the record before us, the district court did not abuse its discretion when it concluded that no substantial change in circumstances affecting the welfare of the children occurred. Additionally, the district

---

supporting his equal protection challenge, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court will not consider claims that are unsupported by cogent argument and relevant authority).

court did not abuse its discretion when it denied Aaron's motion to modify his child-support obligation. Finally, the district court properly awarded Tracy attorney fees and costs. Accordingly, we order the judgments of the district court affirmed.

_____, J.
Cadish

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

SUPREME COURT
OF
NEVADA