138 Nev., Advance Opinion 51

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

| | |
|---|---|
| LISA S. MYERS,<br>Appellant,<br>vs.<br>CALEB OBADIAH HASKINS,<br>Respondent. | No. 83576-COA<br><br>FILED<br>JUN 30 2022<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a motion to modify custody of a minor child. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

*Reversed and remanded with instructions.*

Patricia A. Marr, Ltd., and Patricia A. Marr, Henderson, for Appellant.

Caleb Obadiah Haskins, Philomath, Oregon.
Pro Se.

_____

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., TAO and BULLA, JJ.

OPINION

By the Court, GIBBONS, C.J.:

Nearly 30 years ago, the Nevada Supreme Court held that district courts may deny a motion to modify child custody without holding an evidentiary hearing if the movant fails to demonstrate a prima facie case for modification. *Rooney v. Rooney*, 109 Nev. 540, 542-43, 853 P.2d 123, 124-

22-20749

25 (1993). Since that decision, district courts have struggled with an unanswered question: what sources may a district court consider in determining whether a movant has demonstrated a prima facie case for modification? Today, we answer this question. We hold that when a district court seeks to determine if the movant has demonstrated a prima facie case for modification under *Rooney*, it must generally consider only the properly alleged facts in the movant's verified pleadings, affidavits, or declarations. It must not consider the alleged facts or offers of proof the nonmovant provides.

Despite this general rule, we also announce an exception. We hold that a district court may look to the nonmovant's evidentiary support when it "conclusively establishes" the falsity of the movant's allegations. The rules we announce today will help align current practice with *Rooney*'s central purposes: discouraging challenges to temporary custody orders and preventing repeated and insubstantial motions to modify custody. *See id.* at 543 n.4, 853 P.2d at 125 n.4. While Nevada courts generally adhere to the policy of deciding a case fully upon its merits, especially in child custody cases, *see Dagher v. Dagher*, 103 Nev. 26, 28, 731 P.2d 1329, 1330 (1987), this opinion reiterates that a movant must first show the district court— using specific, properly alleged facts—that his or her motion is potentially meritorious on its face.

## FACTS AND PROCEDURAL HISTORY

Caleb Obadiah Haskins and Lisa S. Myers married in 2009 and divorced in 2012. They have one minor child together: S.H. (now 12 years

old). Under the current custody order,[1] they share joint legal custody of S.H., except Caleb has sole legal custody for medical decisions. Caleb has primary physical custody of S.H. Because Caleb lives in Oregon and Lisa lives in Nevada, Lisa is allotted, at a minimum, spring break and summer break for parenting time.

In 2020, Lisa failed to return S.H. to Caleb after summer break. According to Lisa, she purchased S.H.'s plane ticket and took her to the airport. But upon arrival, S.H. expressed fear about returning to Caleb, had a panic attack, vomited twice in the restroom, and refused to board the plane. Lisa alleged that she tried later that same day to get S.H. to board the plane, but S.H. "began crying, stated her stomach was still ill, and she again, refused to go." Lisa then notified Caleb that she would not return S.H.

Caleb consequently filed a motion requesting that the court enforce the custody order by ordering Lisa to return S.H., modify the form of Lisa's parenting time to virtual, and issue a standard behavior order. Lisa in turn opposed Caleb's motion and filed a countermotion to modify physical custody. In that opposition and countermotion, Lisa alleged generally, and with specific examples, that Caleb medically, physically, and educationally neglected S.H.; verbally and emotionally abused S.H.; made S.H. sleep in a nonbedroom on a foam mattress on the floor because of an

---

[1]Between 2010 (when the parties filed for divorce) and 2014 (when Caleb petitioned for and was granted permission to relocate to Oregon with S.H.), Lisa filed ten different appeals—all of which the supreme court dismissed on procedural grounds. Lisa more recently filed an unsuccessful motion to modify physical custody in 2018. The record does not reveal the extent to which modifications of custody have been sought between 2014 and 2018.

overcrowded house; and denied Lisa parenting time and substantially interfered with it when it did occur. Lisa supported her opposition and countermotion with a declaration. *See* NRS 53.045 (permitting an unsworn declaration signed by the declarant under penalty of perjury in lieu of an affidavit). Caleb responded, denied the allegations, and provided documents and reports in support of his position.

The district court then held a nonevidentiary hearing on Caleb's motion, which it granted. However, the court also found sua sponte that Lisa had demonstrated adequate cause to reopen discovery and provided her the opportunity to gather sufficient proof of her claims in her countermotion to modify physical custody.[2] It then granted the parties 90 days to conduct discovery.

At the end of the discovery period, Lisa submitted informal[3] offers of proof she claimed supported her allegations. Caleb likewise offered documents that he claimed contradicted Lisa's allegations. At the

---

[2]NRCP 16.21(a) generally prohibits postjudgment discovery in family law matters. NRCP 16 does, however, allow a court to order postjudgment discovery in family law matters in two situations: (1) if a court has ordered an evidentiary hearing in a postjudgment child custody matter, or (2) if a court finds "good cause" for the discovery. NRCP 16.21(b). In this case, the district court apparently ordered the discovery under the second exception rather than the first; however, it labeled it as "adequate cause."

[3]Lisa did not provide any affidavits or declarations from the witnesses she planned to call at an evidentiary hearing. Rather, she noted the substance of specific individuals' anticipated testimony. The individuals included both a police officer and a school counselor from Oregon, Caleb's former spouse, and S.H.'s maternal grandmother. Lisa's original allegations were supported by a declaration, as was her reply to Caleb's "discovery." However, Caleb did not object to these offers of proof under any of the grounds listed in *Rooney*. *See* 109 Nev. at 543, 853 P.2d at 125.

subsequent nonevidentiary hearing, the district court stated that it was a "close call" as to whether Lisa had demonstrated adequate cause for an evidentiary hearing because of the documents Caleb provided and the statements he made in his supporting declaration. But the court was concerned that Lisa did not have a full opportunity to respond to Caleb's documents and allegations,[4] so it allowed Lisa time to submit a responsive declaration herself. Lisa did so, largely contesting Caleb's allegations, explaining some of the documents he provided and arguing some of those documents even supported her claims.

After Lisa filed her responsive declaration, the district court denied Lisa's countermotion to modify physical custody, without holding an evidentiary hearing. In denying the countermotion, the court summarily concluded that

> the countermotion filed by Lisa Myers and her supporting filings do not state facts that would support a substantial change in circumstances affecting the welfare of the child, and that the child's best interest is served by the modification. The countermotion lacks merit and should be denied.

This appeal followed.

## ANALYSIS

Now on appeal, Lisa argues that the district court abused its discretion in denying her countermotion to modify physical custody without first holding an evidentiary hearing. She claims that she presented a prima facie case for modification because she provided declarations and informal offers of proof in the form of summaries of anticipated witness testimony,

---

[4]Caleb provided his disclosures, which were lengthy, just days prior to the nonevidentiary hearing.

COURT OF APPEALS
OF
NEVADA

(O) 1947B

5

documents, and video. Caleb, however, argues the court did not abuse its discretion in denying Lisa's countermotion without holding an evidentiary hearing. He claims instead that Lisa failed to demonstrate a prima facie case for modification because his "discovery responses addressed and disapproved [sic] all [of Lisa's] allegations."[5]

We review a district court's decision to deny a motion to modify physical custody without holding an evidentiary hearing for an abuse of discretion. *See Bautista v. Picone*, 134 Nev. 334, 338, 419 P.3d 157, 160 (2018). A district court abuses its discretion only when "no reasonable judge could reach a similar conclusion under the same circumstances." *In re Guardianship of Rubin*, 137 Nev., Adv. Op. 27, 491 P.3d 1, 6 (2021) (internal quotations omitted) (quoting *Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5, (2014)). But "deference is not owed to legal error, or to findings so conclusory they may mask legal error." *Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (internal citations omitted). We "must be satisfied that the court's determination was made for the appropriate reasons." *Sims v. Sims*, 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993).

Generally, "[l]itigants in a custody battle have the right to a full and fair hearing concerning the ultimate disposition of a child." *Moser v. Moser*, 108 Nev. 572, 576, 836 P.2d 63, 66 (1992). But when a movant seeks to modify physical custody, a district court only needs to hold an evidentiary hearing if the movant demonstrates "adequate cause" for one. *Rooney*, 109

---

[5]Caleb primarily relies on an Oregon Child Protective Services (CPS) report he submitted to the district court, which determined the claims made against him were unsubstantiated. Apparently, after Lisa returned S.H. pursuant to the district court's order, she requested a welfare check for S.H., which resulted in a CPS investigation. Caleb claims that this CPS report addresses the "bulk of [Lisa's] allegations [from her offers of proof]."

Nev. at 542, 853 P.2d at 124. "Adequate cause" arises if the movant demonstrates a prima facie case for modification. *Id.* at 543, 853 P.2d at 125. And to modify physical custody in Nevada, the movant must show that "(1) there has been a substantial change in circumstances affecting the welfare of the child, and (2) the child's best interest is served by the modification." *Romano v. Romano*, 138 Nev., Adv. Op. 1, 501 P.3d 980, 983 (2022) (quoting *Ellis v. Carucci*, 123 Nev. 145, 150, 161 P.3d 239, 242 (2007)).

This case asks us to address what evidence and allegations the district court may consider in determining whether the movant has demonstrated a prima facie case for modification. In determining whether a movant has demonstrated a prima facie case for modification of physical custody, the court must accept the movant's specific allegations as true. *See Geibe v. Geibe*, 571 N.W.2d 774, 777 (Minn. Ct. App. 1997) (providing that, in evaluating whether the movant established a prima facie case for custody modification, district courts must accept the movant's allegations as true); *Volz v. Peterson*, 667 N.W.2d 637, 641 (N.D. 2003) (same);[6] *cf. Barelli v.*

---

[6]In *Rooney*, the supreme court patterned the adequate cause standard after custody modification standards used in other states. 109 Nev. at 542-43, 853 P.2d at 124-25. The supreme court also stated that the *Rooney* standard "comports with section 410 of the Uniform Marriage and Divorce Act [(UMDA)]." *Id.* at 543 n.4, 853 P.2d at 125 n.4. We therefore look to section 410 of the UMDA, the cases interpreting it, and the authority the supreme court relied on in adopting the *Rooney* standard for instruction in interpreting *Rooney*. *Cf. Las Vegas Dev. Assocs., LLC v. Eighth Judicial Dist. Court*, 130 Nev. 334, 341, 325 P.3d 1259, 1264 (2014) (finding federal court interpretations of FRE 612 "instructive" in interpreting NRS 50.125—Nevada's parallel provision to FRE 612); *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 583, 97 P.3d 1132, 1137 (2004) (holding that because NRS 78.585 "was patterned after Section 105 of the 1969

*Barelli*, 113 Nev. 873, 879-80, 944 P.2d 246, 249-50 (1997) (requiring district courts to accept a movant's allegations as true in considering whether the movant demonstrated a prima facie case under NRCP 41(b)); *Mann v. State*, 118 Nev. 351, 354, 46 P.3d 1228, 1230 (2002) ("[W]here . . . something more than a naked allegation has been asserted, it is error to resolve the apparent factual dispute without granting . . . an evidentiary hearing . . . ." (quoting *Vaillancourt v. Warden*, 90 Nev. 431, 432, 529 P.2d 204, 205 (1974))). Thus, the district court should not require that the movant prove his or her allegations before holding an evidentiary hearing. *See Betzer v. Betzer*, 749 S.W.2d 694, 695 (Ky. Ct. App. 1988) (holding affidavits alone may be considered in determining adequate cause for a hearing); *Geibe*, 571 N.W.2d at 777; *cf.* DCR 13(6) ("Factual contentions involved in any pre-trial or post-trial motion shall be initially presented and heard upon affidavits."); *Rooney*, 109 Nev. at 542-43, 853 P.2d at 124-25 (permitting a court to deny a motion to modify physical custody based solely on affidavits and points and authorities—both of which are not evidence).[7]

Furthermore, a district court should not weigh the evidence or make credibility determinations before holding an evidentiary hearing. *Cf. Barelli*, 113 Nev. at 879-80, 944 P.2d at 249-50 (holding that, in evaluating

---

Model Act, we may look to the . . . case law interpreting provisions based on" that act).

[7]Section 410 of the UMDA references only affidavits as the evidentiary mechanism through which a movant establishes adequate cause for a hearing. *Unif. Marriage & Divorce Act* § 410 (1973), 9A U.L.A. 538 (1998); *see also Rooney*, 109 Nev. at 543 n.4, 853 P.2d at 125 n.4. This is why Kentucky, which also adopted section 410, relies solely upon affidavits in determining whether a movant has demonstrated adequate cause for a hearing. *Betzer*, 749 S.W.2d at 695.

whether the movant has demonstrated a prima facie case for the purposes of NRCP 41, a court must neither "pass upon the credibility of the witnesses nor weigh the evidence" and will "disregard any contradictory evidence presented by the defense" (internal quotations omitted)); *Fernandez v. Admirand*, 108 Nev. 963, 968, 843 P.2d 354, 358 (1992) ("The credibility of the witnesses and the weight of the evidence are immaterial to the presentation of a prima facie case."). Notably, the supreme court has implicitly held that, under *Rooney*, the place to present evidence for a district court to weigh is at an evidentiary hearing. *See Arcella v. Arcella*, 133 Nev. 868, 872, 407 P.3d 341, 346 (2017) (noting that, in the *Rooney* context, a district court may not decide a motion to modify custody "upon contradictory sworn pleadings [and] arguments of counsel" (alteration in original) (quoting *Mizrachi v. Mizrachi*, 132 Nev. 666, 678, 385 P.3d 982, 990 (Ct. App. 2016))).[8] Indeed, evidentiary hearings are designed with this purpose in mind: to resolve disputed questions of fact. *See* DCR 13(6) (recognizing that disputed factual points may be resolved at evidentiary

---

[8]*See also Pridgeon v. Superior Court*, 655 P.2d 1, 5 (Ariz. 1982) (holding that a court cannot conduct a "trial by affidavit" and attempt to "weigh the credibility of the opposing statements" in determining adequate cause for a hearing); *Boland v. Murtha*, 800 N.W.2d 179, 183 (Minn. Ct. App. 2011) (holding that district courts must "disregard the contrary allegations in the nonmoving party's affidavits" when determining if the movant demonstrates a prima facie case for modification sufficient to hold an evidentiary hearing); *O'Neill v. O'Neill*, 619 N.W.2d 855, 858 (N.D. 2000) (holding that the district court abused its discretion by weighing conflicting testimony in determining if the movant presented a prima facie case warranting an evidentiary hearing).

hearings); EDCR 5.205(g)[9] (providing that exhibits attached to motions do not constitute substantive evidence unless admitted); *cf. Nev. Power Co. v. Fluor Ill.*, 108 Nev. 638, 644-45, 837 P.2d 1354, 1359 (1992) (recognizing that conducting an evidentiary hearing is the only way to properly resolve questions of fact concerning whether to dismiss a party's suit as a discovery sanction).

Despite this holding, section 410 of the UMDA and persuasive authority from other states contemplate that a nonmovant may file an opposing affidavit. *See, e.g., Unif. Marriage & Divorce Act* § 410 (1973), 9A U.L.A. 538 (1998); *Boland*, 800 N.W.2d at 183; *Mock v. Mock*, 673 N.W.2d 635, 637-38 (N.D. 2004); *In re Parentage of Jannot*, 37 P.3d 1265, 1268 (Wash. Ct. App. 2002). We consequently recognize that nonmovants may allege facts and provide offers of proof that may address the allegations the movant has presented. And while district courts may only weigh credibility and evidence at an evidentiary hearing, they nonetheless need not blind themselves to evidence a nonmovant presents if it "conclusively establish[es]" the movant's claims are false. *See Mock*, 673 N.W.2d at 637-38 (internal quotations omitted). Adopting this limited exception serves the purposes for which *Rooney* was adopted in the first place: "(1) discourag[ing] contests over temporary custody; and (2) prevent[ing] repeated or insubstantial motions for modification." *See Rooney*, 109 Nev. at 543 n.4, 853 P.2d at 125 n.4 (alterations in original) (internal quotations omitted).

Additionally, in determining whether the movant has demonstrated a prima facie case for modification, district courts need not

---

[9]The EDCR has been amended while this case has been pending on appeal, but the rule changes do not affect this rule. We cite to the rules in effect while this litigation was taking place in the district court.

consider facts that are irrelevant to the grounds for modification,[10] that are cumulative,[11] or that are impeaching. *Rooney*, 109 Nev. at 543, 853 P.2d at 125. Nor need courts consider allegations which, even if proven, would only "permit inferences sufficient to establish grounds for a custody change." *Id.* Additionally, courts are not required to consider a movant's general, vague, broad, or conclusory allegations. *See, e.g.*, DCR 13(5) ("Affidavits shall contain only factual, evidentiary matter, shall conform with the requirements of NRCP 56(e), and shall avoid mere general conclusions or argument. Affidavits substantially defective in these respects may be

---

[10]In demonstrating a substantial change in circumstances, the movant must allege facts that have occurred "since the last custody determination." *Ellis*, 123 Nev. at 151, 161 P.3d at 243. This prong of the test for modifying custody "prevents persons dissatisfied with custody decrees [from filing] immediate, repetitive, serial motions until the right circumstances or the right judge allows them to achieve a different result, based on essentially the same facts." *Id.* (alteration in original) (quoting *Castle v. Simmons*, 120 Nev. 98, 103-04, 86 P.3d 1042, 1046 (2004) (internal quotations omitted)).

While district courts are barred from considering facts that preexisted the current custody order in considering whether a substantial change in circumstances has occurred, *see id.*, courts are not barred from looking at that evidence to determine whether modification is in the child's best interest. *See Nance v. Ferraro*, 134 Nev. 152, 163, 418 P.3d 679, 688 (Ct. App. 2018) ("[Prior orders] do not, however, bar district courts from reviewing the facts and evidence underpinning their prior rulings in deciding whether the modification of a prior custody order is in the child's best interest."). This is because "Nevada law is clear: the district court *must* consider all the best interest factors in . . . deciding whether to modify custody," and a court's decision to bar evidence simply because it preexisted the custody order amounts to an abuse of discretion. *Id.* at 161-62, 418 P.3d at 686-87.

[11]Cumulative evidence has been defined as "tending to prove the same thing." *Cumulative, Black's Law Dictionary* (11th ed. 2019).

stricken, wholly or in part."); *see also, e.g., Pridgeon,* 655 P.2d at 5; *Betzer,* 749 S.W.2d at 695; *Madgett v. Madgett,* 360 N.W.2d 411, 413 (Minn. Ct. App. 1985); *Schumacker v. Schumacker,* 796 N.W.2d 636, 640 (N.D. 2011); *In re Marriage of MacLaren,* 440 P.3d 1055, 1067 (Wash. Ct. App. 2019).

Finally, the district court need not consider facts alleged or exhibits filed that are not supported by verified pleadings, declarations, or affidavits. *Rooney,* 109 Nev. at 543 & n.4, 853 P.2d at 125 & n.4 (alluding only to facts established in affidavits and citing section 410 of the UMDA, which requires establishing adequate cause via affidavits alone); *see also* NRS 15.010 (permitting verification of pleadings via affidavit); NRS 53.045 (permitting an unsworn declaration signed by the declarant under penalty of perjury in lieu of an affidavit); EDCR 5.102 ("Unless the context indicates otherwise, 'affidavit' includes an affidavit, a sworn declaration, and an unsworn declaration under penalty of perjury."); DCR 13(6) (requiring factual contentions first be presented upon affidavits). For these reasons, demonstrating a prima facie case for modification is a *"heavy burden* on a petitioner which must be satisfied before a hearing is convened." *Roorda v. Roorda,* 611 P.2d 794, 796 (Wash. Ct. App. 1980) (emphasis added), *overruled on other grounds by In re Parentage of Jannot,* 65 P.3d 664, 666 (Wash. 2003).

Here, Lisa alleged facts that, if proven at an evidentiary hearing, could constitute a substantial change in circumstances affecting the welfare of S.H. and establish that it is in S.H.'s best interest to modify custody. Specifically, Lisa alleged that Caleb, Valeri (Caleb's current wife), and Valeri's sons (all of whom live in the home) have threatened harm to S.H., and that Valeri struck a child living with S.H. in front of S.H. *See* NRS 125C.0035(4)(k) (specifying that a child's best interest includes a

COURT OF APPEALS
OF
NEVADA

(O) 1947B

determination whether a parent has engaged in an act of domestic violence against the child or a person residing with the child); NRS 125C.0035(5) (creating a rebuttable presumption that sole or primary physical custody by the perpetrator of domestic violence against the child or someone living with the child is not in the child's best interest); NRS 125C.0035(1)(b) (defining domestic violence as committing acts described in NRS 33.018(1)). Lisa also alleged that Caleb and Valeri use specific derogatory terms to demean S.H. in front of S.H. and directly to her. *See* NRS 125C.0035(4)(f)-(h) (collectively, the custody best interest factors related to the mental health of the parents; the physical, developmental, and emotional needs of the child; and the nature of the relationship of the child with each parent).

Lisa also alleged that S.H. has overcrowded teeth that cause her pain when eating certain foods and that Caleb will not remedy the situation or allow Lisa to remedy it for him. *See* NRS 125C.0035(4)(g), (j) (the parents' ability to cooperate to meet the needs of the child and parental neglect). Additionally, Lisa alleged that S.H. is often forced to clean up for the other children, care entirely for two minor children younger than S.H. on Wednesdays for Valeri, and care for Valeri's nonambulatory son by bringing him meals, and that Caleb and Valeri are not providing S.H. proper clothing—leaving her in ripped and dirty clothing. *See* NRS 125C.0035(4)(g), (h), (j). Not only did Lisa make these allegations, but she provided two declarations and informal offers of proof, summarizing proposed witness testimony for most of them.

Furthermore, Lisa has alleged that S.H. sleeps in a nonbedroom on a foam mattress in a house overcrowded with people and animals and that S.H. wants to live with her, not Caleb. *See* NRS 125C.0035(4)(a) (wishes of the child), (g), (h). Lisa has alleged that Caleb has both deprived

her of parenting time and substantially interfered with any that did occur. *See* NRS 125C.0035(4)(c), (d), (e) (collectively, the custody best interest factors related to which parent is more likely to allow the child to have frequent associations and a continuing relationship with noncustodial parent; level of conflict between the parents; and the parents' ability to cooperate to meet the needs of the child); *Martin v. Martin,* 120 Nev. 342, 346, 90 P.3d 981, 983 (2004) (holding that a custodial parent's substantial or pervasive interference with a noncustodial parent's parenting time constitutes changed circumstances), *abrogated on other grounds by Ellis,* 123 Nev. 145, 161 P.3d 239. She has alleged that Caleb and Valeri do not help S.H. with her homework, do not review it, and do not check that it is done and that, as a result, S.H. has fallen behind in math. *See Ellis,* 123 Nev. at 152, 161 P.3d at 244 (holding a four-month slide in academic performance constituted a substantial change in circumstances); *see also* NRS 125C.0035(4)(e), (g), (h).

However, rather than rely upon the allegations Lisa made in her pleadings, papers, and declarations, the district court instead relied upon Caleb's allegations and purported evidence in determining whether Lisa met her burden of demonstrating a prima facie case for modification. Indeed, at the second nonevidentiary hearing, the court noted that it was a "close call" precisely because Caleb had provided a CPS report investigating some of Lisa's claims, S.H.'s unauthenticated medical and dental records, *see* NRS 52.325(2), and Lisa's email allegedly waiving spring break parenting time. The court thus acknowledged that, before holding an evidentiary hearing, it weighed the allegations Lisa provided against the allegations and offers of proof that Caleb offered. The district court thus abused its discretion when it weighed the respective allegations and offers

of proof without holding an evidentiary hearing and concluded that Lisa failed to demonstrate a prima facie case for modification.

Furthermore, the CPS report that Caleb provided the district court did not "conclusively establish" the falsity of Lisa's allegations, despite the similarity between the claims the CPS worker investigated and some of the allegations Lisa presented to the court. Generally, a CPS case worker not substantiating similar claims to the ones alleged will not conclusively establish the falsity of a movant's allegations.[12] Such a decision, as in this case, would require evaluating the credibility of the CPS worker's testimony and the quality of her investigation versus Lisa's sworn allegations. While in many cases an admissible CPS report can be helpful in resolving a case on the merits, making such determinations is best left to an evidentiary hearing so the parties can challenge or support the accuracy of the report and its conclusions, and so the court can review the thoroughness of the CPS investigation and make credibility determinations.[13] Thus, the district

[12]Indeed, such reports are not automatically admissible and are subject to most of Nevada's typical evidence rules. *See In re Parental Rights as to J.D.N.*, 128 Nev. 462, 469-70, 283 P.3d 842, 847-48 (2012). The problem with relying on a nonmovant's documents to determine a movant has not demonstrated a prima facie case for modification is that it disposes of the movant's case upon conflicting evidence that might not even be admissible at an evidentiary hearing. Denial determinations under *Rooney* that effectively end a case for a litigant should not be made on conflicting and potentially inadmissible evidence.

[13]Finally, even with a reliable CPS report and credible testimony, the CPS report's recommendations may not be applicable because the conclusion from a child protection investigation has a different purpose than a motion to modify custody. *See, e.g.*, NRS 432B.180 (detailing the duties of the Division of Child and Family Services (DCFS)); NRS 432B.330 (describing when a child may need protection by DCFS); NRS 432B.340

court abused its discretion in weighing the evidence and making credibility determinations resulting in a case-ending custody decision based upon conflicting evidence without holding an evidentiary hearing.

And here, even accepting the CPS report as admissible and accurate, Lisa made many other specific allegations that establish a prima facie case for modification. The district court therefore abused its discretion when it weighed Caleb's proposed evidence against Lisa's relevant allegations and determined that Lisa had not made a prima facie showing for modifying physical custody. The district court therefore should have found adequate cause to hold an evidentiary hearing based on Lisa's allegations.[14] The district court consequently abused its discretion because

---

(noting that a child not in imminent danger from abuse or neglect need not necessarily be placed in protective custody).

[14]To clarify, once a movant establishes a prima facie case for modification based upon his or her verified pleadings, declarations, or affidavits, the district court cannot deny the movant's motion to modify without first holding an evidentiary hearing. *Rooney*, 109 Nev. at 542, 853 P.2d at 124. It generally therefore does not matter if postjudgment discovery has occurred because courts are only concerned, as discussed above, with what the movant has alleged in his or her verified pleadings, declarations, and affidavits. For this reason, postjudgment discovery is generally not permitted in child custody cases without setting a subsequent evidentiary hearing because what is discovered should not be considered in the district court's *Rooney* analysis. *See supra* note 2. *But compare* NRCP 16.21(b)(2) (recognizing postjudgment discovery may be permitted for good cause), *with supra* discussion in text between notes 9 and 10 (adopting an exception wherein a district court may rely on evidence the nonmovant presents that "conclusively establish[es]" the falsity of the movant's allegations in determining if the movant presented a prima facie case for modification). Thus, under the ideal situation, the district court would have reviewed Lisa's motion, found that she had demonstrated a prima facie case for modification, ordered postjudgment discovery regarding Lisa's

no reasonable judge could have found that Lisa failed to demonstrate a prima facie case for modification had that judge accepted the allegations Lisa provided in her declarations as true.

From the record, it appears that Caleb argued, and the district court may have believed, that Lisa's declarations or offers of proof contained allegations that were either cumulative, impeaching, or inappropriate to consider in evaluating whether there had been a substantial change of circumstances. As discussed above, the court would not have needed to consider any insufficient allegations in determining whether Lisa demonstrated a prima facie case for modification. But in the order denying Lisa's motion to modify, the district court did not provide specific findings or adequately explain why Lisa failed to demonstrate a prima facie case for modification.

In modification of child custody cases, district courts must make specific findings and provide adequate explanation for their child custody determinations. *Davis v. Ewalefo*. 131 Nev. 445, 452, 352 P.3d 1139. 1143 (2015). The supreme court requires these findings, and especially the explanation, for two reasons: (1) to aid appellate review by ensuring the court made its determination for appropriate reasons. and (2) to help parents understand why the motion was decided the way that it was because it may affect future motions to modify custody.[15] *See id.* at 452, 352

_____

allegations, then set an evidentiary hearing for Lisa to prove those allegations.

[15]Importantly, when a district court denies a motion to modify custody under *Rooney*, which is a threshold determination, it has the same practical effect as a denial on the merits: custody is not modified. *Davis's* purposes in requiring findings and an adequate explanation are no less served in the *Rooney* context, because in either case parents will not understand what

Court of Appeals
of
Nevada

(O) 1947B

P.3d at 1143-44. And without these findings and explanation,[16] appellate courts—and parents—are relegated to speculate about how and why the court ruled as it did, which we will not do. *Cf. Somee v. State*, 124 Nev. 434, 442, 187 P.3d 152, 158 (2008).

We now hold that the district court must provide an adequate explanation when it denies a motion to modify custody without holding an evidentiary hearing given that such a denial has the same practical implications for a movant as a denial on the merits. *See supra* note 16; *cf.* NRCP 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or . . . *on any other motion.* The court should, however, state on the record the reasons for granting or denying a motion." (emphasis added)). And when a district court fails to provide an adequate explanation for its denial, it makes it difficult for this

---

needs to happen before custody may be modified. Consequently, a district court's failure to follow *Davis* may encourage repetitive, insubstantial motions to modify custody, which is antithetical to *Rooney's* stated purpose. *See Rooney*, 109 Nev. at 543 n.4, 853 P.2d at 125 n.4. Explaining to parents why their allegations are insufficient to modify custody is especially important given that many parents who seek to modify custody do so pro se. *Cf.* Stephan Landsman, *Pro Se Litigation*, 8 Ann. Rev. L. & Soc. Sci. 231, 239 (2012) (noting an increase in self-representation in the domestic relations context and a "clear trend" towards it).

[16]We recognize that findings or an adequate explanation in this *Rooney* context is different and will be limited to the sufficiency of the allegations contained in the verified pleadings, affidavits, declarations, and exhibits filed with the court because no evidence will have been admitted yet. *See, e.g.*, EDCR 5.205(g) ("Exhibits may be deemed offers of proof but shall not be considered substantive evidence unless admitted.").

court to review the district court's decision.[17] An explanation that follows the framework of *Davis* is certainly adequate, but the court gave no such explanation in this case—just a conclusory one that mirrored *Rooney*'s legal requirements.

Additionally, even though Lisa demonstrated a prima facie case requiring the court to hold an evidentiary hearing, we strongly reiterate that the *form* of that evidentiary hearing—both in this case and generally— is entirely within the district court's broad discretion. *Arcella*, 133 Nev. at 872, 407 P.3d at 346 ("While these circumstances obligated the district court to conduct an evidentiary hearing, the *form* of that hearing remains within the district court's discretion."). For example, a district court may dictate when the hearing takes place, the amount of discovery to take place before the hearing (if any), the time each party has to offer evidence, and the scope of the evidentiary hearing. *See, e.g., id.* (noting that the court had discretion to interview the child if it found it appropriate under the circumstances); *see also* NRCP 16.215 (establishing procedures for child interviews and testimony). And these determinations will be overturned on appeal only if the district court clearly abuses its discretion. *Primm v. Lopes*, 109 Nev. 502, 504, 853 P.2d 103, 104 (1993).

## CONCLUSION

District courts wield substantial discretion in child custody cases. *See* NRS 125C.0045(1). This includes the discretion to deny a motion to modify custody without holding an evidentiary hearing. *Rooney*, 109 Nev.

---

[17]For example, we do not have on the record before us Lisa's previously filed motions that may bar under res judicata principles some of the claims she has presented in her most recent declarations. *Compare supra* note 10, *with Castle*, 120 Nev. at 104-05, 86 P.3d at 1047.

at 542-43, 853 P.2d at 124-25. To exercise that discretion, however, the district court must first find that the movant has failed to demonstrate a prima facie case for modification. *See id.* And today, we further require that—subject to the exception announced—district courts must make that determination by looking solely to the movant's proper allegations, generally presented in the movant's verified pleadings, declarations, or affidavits. The district court in this case thus abused its discretion when it relied upon the nonmovant's allegations and offers of proof to find Lisa failed to demonstrate a prima facie case for modification. Because Lisa's declarations established a prima facie case for modification, the district court abused its discretion in denying her motion to modify custody without holding an evidentiary hearing. We consequently reverse and remand the district court order with instructions to hold an evidentiary hearing.

_____, C.J.
Gibbons

We concur:

_____, J.
Tao

_____, J.
Bulla

COURT OF APPEALS
OF
NEVADA

(O) 1947B